IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>HATCHET M. SPEED, )<br>)<br>Defendant. ) | Case No. 1:22-cr-165<br><br>**UNDER SEAL** |

GOVERNMENT'S MOTION TO SEAL
INDICTMENT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the indictment, Motion to Seal, and proposed Order (collectively, "indictment materials") until the defendant is arrested, unless the government moves to unseal before that time.

I. **REASONS FOR SEALING** (Local Rule 49(B)(1))

1. The Federal Bureau of Investigation (FBI) is investigating the defendant, Hatchet M. Speed, for unlawful receipt and possession of firearms that are not registered to him in the National Firearms Registration and Transfer Record (NFRTR), in violation of the National Firearms Act, 26 U.S.C. § 5861(d). Specifically, the charges in this indictment focus on the defendant's possession of three devices that were marketed as "solvent filters" for cleaning firearms but allegedly constitute silencers under 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921(a)(25). The devices are not registered to the defendant in the NFRTR.

2. The defendant is currently facing charges in the U.S. District Court for the District of Columbia. *See United States v. Hatchet Speed*, No. 1:22-CR-244 (D.D.C.). On June 21, 2022, the government charged the defendant with misdemeanor offenses related to his

1

participation in the incursion at the U.S. Capitol on January 6, 2021, namely, violations of 18 U.S.C. §§ 1752(a)(1) and (2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G). Federal law enforcement agents arrested the defendant on June 22, 2022, in McLean, Virginia. On July 18, 2022, the government charged the defendant by criminal information with the same offenses.

3. The defendant is not currently being detained on those charges. Among other conditions of release, the defendant is forbidden from possessing firearms, destructive devices, or other weapons, and is subject to home detention and location monitoring (location monitoring as directed by the pretrial services or supervising officer, and GPS monitoring). *See* Order Setting Conditions of Release, *Speed*, No. 1:22-CR-244 (D.D.C. June 23, 2022) (Dkt. No. 10). The court has allowed limited exceptions to the home detention for the defendant to attend drill and a medical appointment.

4. Despite these conditions, the indictment materials should be sealed until the defendant is arrested. Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation by threatening the government's ability to arrest the defendant safely. Until now, the defendant has been charged only with misdemeanor offenses. The felony charges in this indictment provide the defendant with greater incentive to flee or otherwise attempt to obstruct justice.

5. Sealing the indictment materials is also appropriate to ensure that the defendant can be safely taken into custody. In the six months after his participation in the breach of the U.S. Capitol on January 6, 2021, the defendant went on a firearm buying spree, purchasing at least twelve firearms and spending tens of thousands of dollars at firearm and firearm part retailers. More recently, the defendant made statements to an FBI undercover employee earlier this year in which he espoused anti-government and anti-Semitic ideologies, and discussed using violence in furtherance of them. At the defendant's initial appearance in the District of

Columbia, the government submitted a declaration from an FBI agent describing these alarming statements. *See* Decl. of Special Agent Christon Turner, *Speed*, No. 1:22-CR-244 (D.D.C. June 23, 2022) (Dkt. No. 6-1). Under these circumstances, sealing the indictment materials is appropriate to protect law enforcement officers' safety in arresting the defendant.

II.     **REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

6.     Federal Rule of Criminal Procedure 6(e)(4) provides that "[t]he magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial." The Fourth Circuit has read Rule 6(e)(4) to allow a "judicial officer [to] grant the Government's motion to seal [an indictment] for any legitimate prosecutorial need," including, but not limited to, "the need to take the defendant into custody." *United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986); *see also United States v. Ellis*, 622 F.3d 784, 792-93 (7th Cir. 2010) ("Under Federal Rule of Criminal Procedure 6(e)(4), a district court's power to seal an indictment is broad; sealing an indictment is generally permitted when it is in the public interest or serves a legitimate law-enforcement purpose."); *United States v. DiSalvo*, 34 F.3d 1204, 1218 (3d Cir. 1994) ("An indictment may be sealed for any legitimate law enforcement reason or where the public interest requires it."); *United States v. Lakin*, 875 F.2d 168, 171 (8th Cir. 1989) ("[A] judicial officer may grant the government's request to seal an indictment for any legitimate prosecutorial objective or where the public interest otherwise requires it.").

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

7. The indictment materials would need to remain sealed until the defendant is arrested, unless the government moves to unseal before that time.

8. Upon occurrence of the event specified in paragraph 7, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the indictment materials be sealed until the defendant is arrested.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Thomas W. Traxler
Assistant United States Attorney