IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:22-cr-165 |
| v. | ) | Hon. Michael S. Nachmanoff |
| | ) | |
| HATCHET M. SPEED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT, IDADMISSIBLE, AND INFLAMMATORY EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 402, 403, AND 404.**

Comes now, the defendant, Hatchet M. Speed, by counsel Courtney Dixon, Assistant Federal Public Defender, and Brooke Rupert, Assistant Federal Public Defender, and pursuant to Rules 402, 403, and 404 of the Federal Rules of Evidence, hereby moves the Court to exclude evidence that is irrelevant or, to the extent that it is relevant, is substantially and unfairly more prejudicial than probative. Specifically, Mr. Speed moves to exclude evidence of his alleged activity at the United States Capitol on January 6, 2021 and the resulting criminal case (*United States v. Speed*, D.D.C. No. 1:22-cr-00244) from such activity.

**SUMMARY OF ARGUMENT**

The government is in possession of *relevant* evidence that could establish Mr. Speed knowingly possessed the solvent traps. Despite this significant amount of relevant evidence, the government intends to introduce extra irrelevant, inadmissible, and inflammatory evidence of the fact that Mr. Speed was at the United States Capitol on January 6, 2021 and is currently awaiting criminal trial in the District of Columbia for his activity that day. This evidence, hereinafter

referred to as "J6 Evidence" is irrelevant, inflammatory, and inadmissible under Fed. R. Evid. 402, 403, and 404. For purposes of this motion, the specific J6 Evidence objected to by the defense is as follows:

- Any testimony or documents relating to Mr. Speed's whereabouts or activities on January 6, 2021, including, but not limited to transcripts, audio recordings, or testimony related to the March 2022 and April 2022 meetings with an undercover FBI agent.
- Any testimony or documents relating to how Mr. Speed first came to the attention of law enforcement, to the extent that it relates to Mr. Speed's whereabouts and activities on January 6, 2021.

## ARGUMENT

Mr. Speed is charged with three counts of possession of a silencer not registered to him in the National Firearms Registration and Transfer Record, in violation of the National Firearms Act, 26 U.S.C. § 5861(d). At the core of this case is whether the solvent traps purchased by Mr. Speed were "silencers" as defined by § 921(a)(25) and whether Mr. Speed had knowledge of that classification such that he knew he had to register the solvent traps in the National Firearms Registration and Transfer Record. The government will seek to show at trial that Mr. Speed possessed the solvent traps by seeking to introduce receipts and emails confirming the purchases and will show that that the solvent traps were not registered by seeking to show an absence of entries in the National Firearm Registration and Transfer Record. The government will be able to introduce testimony about Mr. Speed's familiarity with solvent traps and their potential uses.

Yet, this is not enough for the government. Despite support for its claim, the government intends to introduce the J6 Evidence, which serves no purpose other than to inflame the passions

of the jury and unduly prejudice Mr. Speed. The Court should enter an order precluding the government introducing such evidence for the following reasons:

### I. The J6 Evidence is Irrelevant

The J6 Evidence is completely irrelevant to the charged offense and this Court should exclude it as such. Under Rule 402, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "For evidence to be relevant, it must be sufficiently related to the charged offense." *United States v. McBride,* 676 F.3d 385, 397 (4th Cir. 2012) (citation and internal quotation marks omitted). "[T]he burden is on the introducing party to establish relevancy," *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).

Mr. Speed is charged with unlawful possession of silencers, which the government contends were purchased "on or about February 16, 2021." Evidence related to Mr. Speed's conduct on January 6, 2021 — over a month before the alleged possession occurred — is not relevant. Here, the J6 Evidence does not support any of the elements necessary to establish a 26 U.S.C. § 5861(d) violation. Specifically, it does not relate to whether Mr. Speed possessed the solvent traps. Nor does the J6 Evidence relate to whether the solvent traps constituted silencers under 18 U.S.C. § 921(a)(25) or whether Mr. Speed was aware that the solvent traps constituted silencers in their unmodified state. Finally, it does not relate to whether the devices were registered in the NFRTR. The government has no relevant purpose for introducing such evidence as it does not link any alleged conduct of Mr. Speed to the elements of any of the charges. For this reason, the J6 Evidence is irrelevant and should be excluded.

### II. The J6 Evidence is Not Admissible Under Rule 404(b).

The government intends to overcome the weaknesses in its case by relying on the highly prejudicial and inflammatory J6 Evidence. Under Fourth Circuit precedent, evidence of "other

crimes, wrongs, acts" must be "necessary" to be admitted under Rule 404(b). *United States v. Hernandez*, 975 F.2d 1035, 1040 (4th Cir. 1992); *United States v. Queen*, 132 F.3d 991, 998 (4th Cir. 1997*); United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of "other crimes, wrongs, acts" is necessary where, "considered in the light of other evidence available to the government, it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime." *Queen*, 132 F.3d at 998 (internal citation omitted); *see also Hernandez*, 975 F.2d at 1040; *Rawle*, 845 F.2d at 1244, 1247 n.4. The "necessity" analysis requires more than simply a showing that the evidence at issue tends to make conviction more likely. *Hernandez*, 975 F.2d at 1040. Rather, the evidence must be an essential part of the alleged crime or provide direct context of the crime. *Id*.; *Rawle*, 845 F.2d at 1247 n.4.

The J6 Evidence serves no such purpose. Evidence of Mr. Speed's unrelated activity over a month prior to the alleged purchase of the solvent traps does not provide necessary "context for the crime" with which he is charged. See, e.g., *Hernandez*, 975 F.2d at 1040. Accordingly, the J6 Evidence should not be admitted under Rule 404(b).

### III. The J6 Evidence is Unduly Prejudicial

Under Rule 403, "relevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The Fourth Circuit has recognized that unfair prejudice could be caused by an appeal to the jury's emotions. *See United States v. Mohr*, 318 F.3d 613, 619–20 (4th Cir. 2003). The risk of prejudice is especially high when it creates a risk "that jurors will convict a defendant

4

based on the jurors' disdain or their belief that the defendant's prior bad acts make guilt more likely." *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993).

As discussed, Mr. Speed's whereabouts over a month before the alleged purchase of the solvent traps in question is not relevant to the conduct charged in this case. It certainly does not tend to prove any essential element of the charged offenses. Because such evidence is untethered from the alleged conduct of Mr. Speed that forms the basis for the indictment, the only purpose of the introduction of this evidence would be to impermissibly inflame the passions of the jury and to taint its impartiality. However, to the extent that the J6 Evidence has even slight relevance, its probative value is substantially outweighed by the danger that it will color the jury's consideration of the facts in Mr. Speed's case in an unduly prejudicial fashion. Because the introduction of the J6 Evidence is substantially more prejudicial than probative, the Court should bar its introduction.

## CONCLUSION

For all the foregoing reasons, any and all evidence of Mr. Speed's ongoing criminal trial and his activity and whereabouts on January 6, 2021 should be excluded as irrelevant and inadmissible or, in the alternative, substantially more prejudicial than probative.

Respectfully submitted on November 25, 2022.

                                            **HATCHET SPEED**
                                            by counsel:

                                            Geremy C. Kamens
                                            Federal Public Defender for the
                                            Eastern District of Virginia

                                            by: /s/_____
                                            Courtney Dixon
                                            *Pro hac vice*

DC Bar No. 1766415
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
courtney_dixon@fd.org

Brooke Rupert
VA Bar No. 79729
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
brooke_rupert@fd.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of November 2022, I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Thomas W. Traxler
    Amanda Lowe

      Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the forgoing pleading will be delivered to Chambers within one business day of the electronic filing.

                                                          /s/
                                        Brooke S. Rupert
                                        Assistant Federal Public Defender