IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case No. 1:22-CR-165 |
| HATCHET M. SPEED, | ) ) ) | |
| Defendant. | ) | |

### GOVERNMENT'S OBJECTIONS TO DEFENDANT'S EXHIBITS

Pursuant to the Court's order dated November 10, 2022, the government hereby submits its objections to the exhibits filed by the defendant, Hatchet Speed. As forecasted in the government's motion in limine, Speed's exhibits demonstrate that his primary defense will involve ignorance or mistake of law. *See* Gov't's Mot. in Limine 9-20 (Nov. 25, 2022) (Dkt. No. 37). Speed's intent to pursue an ignorance or mistake of law defense is further evident from his proposed jury instructions, in which he urges the Court to charge the jury that willfulness is an element of the offense, even though it decidedly is not. *See* Gov't's Objs. to Def.'s Proposed Jury Instrs. & Voir Dire 2-4 (Nov. 30, 2022).

Speed's defense is legally improper and should not be permitted. Under 26 U.S.C. § 5861(d), "ignorance of the law or a mistake of law is no defense to criminal prosecution." *United States v. Cox*, 906 F.3d 1170, 1190 (10th Cir. 2018). "To be criminally liable, [Speed] didn't need to know that [his] acts were 'illegal, wrong, or blameworthy.'" *Id.* (quoting *United States v. Freed*, 401 U.S. 601, 612 (1971) (Brennan, J., concurring in the judgment)). Nor did he need to have knowledge of the law. Instead, Speed simply needed to "know the *facts* that ma[de] his conduct illegal," specifically, the "features of his [silencers] that brought [them] within the scope of the [National Firearms] Act." *Staples v. United States*, 511 U.S. 600, 619 (1994)

(emphasis added). With that in mind, and for the reasons set forth below, the Court should exclude the following defense exhibits.

### A. Defense Exhibits 1, 1A, 1B, 1C, 1D, 1E, 1F, 1G

The government objects to the admission of Defense Exhibits 1 through 1G (collectively, the "ATF Forms 4"). Defense Exhibit 1 is a blank ATF Form 4.[1] Defense Exhibits 1A through 1G consist of ATF Forms 4 that Speed completed when he purchased silencers from Silencer Shop in or around June 2020 and February 2021. None of the ATF Forms 4, however, covers the devices that Speed purchased from Hawk Innovative Tech in March 2021—the silencers underlying these charges. The Court should preclude Speed from introducing these exhibits under Rule 404(b) and Rule 403.

Under the federal rules, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). As an exception to this general rule, a criminal defendant "may offer evidence of [his] pertinent trait," *id.* R. 404(a)(2)(A), but such evidence must be in the form of "testimony about [his] reputation or . . . testimony in the form of an opinion," *id.* R. 405(a). A defendant may not introduce "[e]vidence of any other . . . act . . . to prove [his] character in order to show that on a particular occasion [he] acted in accordance with the character." *Id.* R. 404(b)(1). Such prior-act evidence is admissible only if it is "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity,

---

[1] Under the National Firearms Act, a firearm may not be transferred unless the transferor files an application, called a Form 4, with the ATF and pays a tax. *See* 26 U.S.C. §§ 5811–5812; 27 C.F.R. §§ 479.82–479.86. If the application is approved, the ATF Director will affix an NFA stamp on the original application and return the approved application to the transferor. *See* 27 C.F.R. § 479.86. The NFA forbids the transferee from taking possession of a firearm before the ATF Director has approved the application and the firearm is registered to the transferee. *See* 26 U.S.C. § 5812(b); 27 C.F.R. § 479.86.

absence of mistake, or lack of accident." *Id.* R. 404(b)(2). But even then, such evidence may be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* R. 403.

While normally implicated when the government seeks to admit evidence of prior bad acts, Rule 404(b) also applies when defendants seek to introduce evidence of prior good acts. "For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes." *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014). A defendant may not "establish his innocence of [a] crime by showing that he did not commit similar crimes on other occasions." *United States v. Glazer*, 850 F. App'x 488, 492 (9th Cir. 2021) (quoting *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955)); *see also United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) ("A defendant may not seek to establish innocence . . . through proof of the absence of criminal acts on specific occasions." (quoting *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990))). And "[e]vidence of good conduct is not admissible to negate criminal intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (quoting *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991)); *see also United States v. Rosen*, No. 1:05CR225, 2007 WL 4142776, at *1 (E.D. Va. Sept. 7, 2007) (same).

The apparent purpose of Speed introducing the ATF Forms 4 is to suggest that he had a propensity to comply with the registration requirements in the National Firearms Act (NFA). In other words, it appears that Speed seeks to introduce the forms to invite the jury to infer that because he was law-abiding when he purchased his prior silencers, he must have been law-abiding when he purchased the Hawk Innovative Tech devices. That is textbook propensity

evidence that Rule 404(b) precludes. Because the ATF Forms 4 are inadmissible propensity evidence, the Court should exclude them under Rule 404(b).

Even if Speed claims that he is offering the ATF Forms 4 for non-propensity purposes, the Court should still exclude them because their "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In its case-in-chief, the government will introduce evidence that Speed complied with the NFA in purchasing the silencers from Silencer Shop in February 2021. *See* Gov't's Mot. in Limine 2-3, 20. That will not be in dispute. Belaboring the point by introducing the actual ATF Forms 4 would be needlessly cumulative and present an undue risk of causing the jury to be swayed by the impermissible propensity inference. This danger is especially acute with respect to the Forms 4 from 2020, the relevance of which is even more attenuated. The Court therefore should exclude Defense Exhibits 1 through 1G under Rule 403.

**B.     Defense Exhibits 2 and 11**

The government objects to the admission of Defense Exhibits 2 and 11. Defense Exhibit 2 is a portion of a transcript of the meeting between Speed and the FBI undercover employee (UCE) on March 22, 2022. Specifically, the government objects to the portion of Defense Exhibit 2 in which Speed states that "if you drill it and you don't submit the Form 1, then now you're a felon."[2] Defense Exhibit 11 is a blank copy of an ATF Form 1.[3]

---

[2] Instead, the government submits that the parties should rely on Government Exhibits 2C and 2D, which involve transcripts of the same conversation but excise the offending discussion about the Form 1.

[3] Under the NFA, a firearm may not be made unless the maker files an application, called a Form 1, with the ATF and pays a tax. *See* 26 U.S.C. §§ 5821–5822; 27 C.F.R. §§ 479.61–479.64. The ATF Director must approve the application before the firearm may be made. *See* 27 C.F.R. § 479.64.

As specifically addressed in the government's motion in limine, the Court should exclude Speed's statements about filing a Form 1, and the blank copy of the Form 1, based on lack of relevance and Rule 403 grounds. *See* Gov't's Mot. in Limine 14. Speed's statement suggests, at most, that he believed the time to register the Hawk Innovative Tech devices was when he completed the center hole in the front end-caps, not when the devices were transferred to him. *See id.* at 13. But whether Speed thought he needed to file a Form 1 before drilling the holes is irrelevant because, if the devices were already silencers, it was illegal for him to possess them. *See* 26 U.S.C. § 5812(b) ("The transferee of a firearm [such as a silencer] shall not take possession of the firearm unless the Secretary has approved the transfer and registration of the firearm to the transferee . . . ."); *id.* § 5861(d) ("It shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the [NFRTR]."). And Speed's statements about filing a Form 1 before drilling—statements about *when* to register the devices—are not probative of whether the devices were silencers in the first place. Instead, they go to Speed's mistake-of-law defense that a device must be operable to constitute a "silencer" and be subject to registration under the NFA. *See* Gov't's Mot. in Limine 9-17. For the reasons provided in the government's motion in limine, the Court should preclude Speed from introducing evidence of his subjective understanding of the time to register the Hawk Innovative Tech devices. *See id.*

### C. Defense Exhibits 9 and 10

The government objects to the admission of Defense Exhibits 9 and 10. Defense Exhibits 9 and 10 involve two ATF bulletins: Technical Bulletin 17-02 (issued in April 2017) and Technical Bulletin 20-01 (issued in October 2019). Both bulletins were guidance documents provided to ATF personnel to assist in differentiating between legitimate solvent traps and silencers. Neither document is relevant to whether Speed unlawfully possessed an unregistered silencer as charged in the indictment. The Court should exclude them as irrelevant. *See* Fed. R.

Evid. 402.

The Court, moreover, should reject any attempt by Speed to introduce these technical bulletins to argue that the ATF did not issue public guidance (or relied on "secret" guidance) that solvent traps can constitute a "silencer" or be subject to registration requirements under the NFA. As explained in the government's motion in limine, it is irrelevant whether ATF informed the public that solvent traps could constitute silencers. *See* Gov't's Mot. in Limine 19. The ATF was not required to issue public guidance cataloguing the various types of devices that could meet the statutory definition of a silencer.

Even if the evidence concerning ATF's failure to issue public guidance had marginal probative value, it would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. The introduction of such evidence presents a substantial risk of inviting the jury to acquit Speed on the improper basis of ignorance of law. *See* Gov't's Mot. in Limine 19.

**D.      Defense Exhibit 12**

The government objects to the admission of Defense Exhibit 12. Defense Exhibit 12 is a letter from twenty U.S. Senators to the Attorney General and Acting Director of the ATF. The letter suggests, among other things, that the ATF had promulgated "secret internal guidance documents" and sent "threatening letters" related to solvent traps constituting silencers. The letter cites the ATF technical bulletins described above. The letter states that the "ATF has never issued any public guidance differentiating a silencer from a solvent trap" and that "the classification of a solvent trap as a silencer is contrary to the plain language of 18 U.S.C. § 921(a)(24)." The Court should preclude the defense from introducing Defense Exhibit 12 or using it for any purpose.

Defense Exhibit 12 is inadmissible for multiple reasons. First, it is irrelevant to whether

Speed unlawfully possessed an unregistered silencer as charged in the indictment. *See* Fed. R. Evid. 402. Second, even if the letter had relevance, any marginal "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time." Fed. R. Evid. 403. The letter uses inflammatory language to cast aspersions on the ATF, even comparing its actions to those of a totalitarian regime. In addition to the inflammatory language, the letter presents a significant danger of tapping into partisan political divides among the jurors. Third, the assertions in the letter are inadmissible hearsay. *See* Fed. R. Evid. 802. The letter is not admissible under any of the exceptions to the rule against hearsay. Finally, the letter involves impermissible lay opinions. *See* Fed. R. Evid. 701.

### E. Defense Exhibit 13

The government objects to the admission of Defense Exhibit 13. Defense Exhibit 13 is a letter from an Acting Special Agent in Charge (ASAC) of the ATF to an unnamed "Diversified Machine Customer." In the letter, the ASAC notified the customer that the "ATF has received information that you have acquired, or have attempted to acquire, one or more silencer kits/silencers or silencer parts from Diversified Machine . . . which have been determined to be silencers" and were not "registered to you in the National Firearms Registration and Transfer Record." The letter directs the customer to "[i]mmediately contact your local ATF office . . . within 30 days of receipt of this letter to coordinate the abandonment of any silencers."

The Court should preclude the defense from introducing Defense Exhibit 13 or using it for any purpose. Defense Exhibit 13 does not pertain to a Hawk Innovative Tech device, much less Speed. It simply has no bearing on this case. For the reasons explained in the government's motion in limine, the Court should exclude notifications that the ATF sent other purchasers of solvent traps or silencers—such as Defense Exhibit 13—as irrelevant and under Rule 403. *See*

Gov't's Mot. in Limine 17-19.

## CONCLUSION

For the foregoing reasons, the Court should exclude Defense Exhibits 1 through 1G, 2, 9, 10, 11, 12, and 13.

Respectfully submitted,

Jessica D. Aber
United States Attorney

_____/s/_____
Thomas W. Traxler
Amanda Lowe
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Email: Thomas.traxler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

_____/s/_____<br>
Thomas W. Traxler<br>
Assistant United States Attorney