IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:22-CR-165 |
| | ) | |
| v. | ) | Hon. Michael S. Nachmanoff |
| | ) | |
| HATCHET M. SPEED, | ) | Trial: December 12, 2022 |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE**

The United States hereby respectfully submits its opposition to Defendant's Motion in Limine to Exclude Irrelevant, Inadmissible, and Inflammatory Evidence Pursuant to Federal Rules of Evidence 402, 403, and 404. *See* Dkt. No. 42. In that motion, the defendant, Hatchet Speed, seeks to preclude the United States from introducing evidence of his participation in the incursion of the U.S. Capitol on January 6, 2021. For the reasons set forth below, the motion should be denied.

As explained in the government's Motion in Limine, evidence of Speed's participation in the incursion of the U.S. Capitol on January 6, 2021, is relevant and intrinsic to the charged offenses and is not impermissible character evidence under Federal Rule of Evidence 404(b). *See* Dkt. No. 37, at 22–24. This evidence is necessary to provide the relevant context to Speed's panic buying of firearms and firearm parts in the months following January 6. That context, in turn, goes directly to proving Speed's knowledge that the Hawk Innovative Tech devices were meant to serve as silencers. *See id*. at 23–24. Excluding testimony about Speed's participation in the January 6 incursion would deprive the jury of essential evidence concerning the context leading to his purchase of the Hawk Innovative Tech devices.

In offering this testimony, the United States is sensitive to the need to avoid undue prejudice. But the simple fact that evidence is prejudicial does not warrant exclusion, for "all evidence suggesting guilt is prejudicial to a defendant." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006). Under Federal Rule of Evidence 403, a court "may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of … unfair prejudice." Fed. R. Evid. 403 (emphasis added). Here, the United States' evidence concerning Speed's participation in the January 6 incursion will not rise to that level.

The United States intends for its evidence of Speed's participation in the January 6 incursion to be brief and limited. On direct examination, the United States seeks to introduce only limited testimony about the bare facts of Speed's participation in the incursion of the U.S. Capitol on January 6. This testimony is intended only to establish the fact of Speed's admissions to his participation in order to provide necessary context for Speed's panic buying. *See* Dkt. No. 37, at 23–24.

The United States does not intend to belabor the point unnecessarily. As evident from its exhibit list, the United States will not seek to introduce documents, videos, or recordings to corroborate this brief testimony.[1] Nor does the United States seek to introduce evidence that Speed has been criminally charged, or is awaiting trial, in the District of Columbia for his participation in the events on January 6. In short, the limited nature of the evidence will provide the jury with essential context for understanding Speed's purchase of the Hawk Innovative Tech

---

[1] Of course, the United States will seek to introduce more expansive evidence about Speed's participation in the incursion of the U.S. Capitol on January 6, 2021, if (a) the defense attempts to allege that the investigation into Speed was biased, or (b) Speed chooses to testify. In the former circumstance, more expansive evidence about Speed's participation in the January 6 incursion would be appropriate to establish that the investigation was appropriately predicated and dispel any notions of bias. In the latter circumstance, Speed's participation in the January 6 incursion will be proper grounds for cross-examination under Rule 608(b).

devices but will not be so overwhelming as to sway the jury's consideration. Accordingly, the probative value of this evidence will not be substantially outweighed by the danger of unfair prejudice.

Because evidence of Speed's participation in the incursion of the U.S. Capitol on January 6 is essential and intrinsic to the offenses charged, the Court should allow the Government to introduce testimony to that effect.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion in Limine and permit the United States to elicit testimony about Speed's participation in the incursion at the U.S. Capitol on January 6, 2021.

Respectfully submitted,

Jessica D. Aber
United States Attorney

_____/s/_____
Thomas W. Traxler
Amanda Lowe
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Email: Thomas.traxler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

_____/s/_____
Amanda Lowe
Assistant United States Attorney