IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:22-CR-165 |
| | ) | |
| HATCHET M. SPEED, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT**

Pursuant to the Court's Order dated December 7, 2022, the parties have met and conferred concerning potential redactions to Government Exhibits 3A and 3E. After exchanging multiple proposals, the parties have been unsuccessful in reaching an agreement on the scope of the proposed redactions. The government has offered to redact the information that is highlighted in Exhibit A, whereas the defense has called for all of the redactions in Exhibit B. For the following reasons, the government requests that the Court allow the government to introduce a redacted version of Exhibit A.

1.  The government has proposed to redact information that reflects the defendant's anti-Semitic ideology. Specifically, the government has offered to redact the reference to George Soros, the Anti-Defamation League (or "ADL"), and the reference to the two percent of the population that Speed called for "wip[ing] out" being Jewish. These references were the specific references that the defendant identified in his objections to Government Exhibits 3A and 3E. *See* Def.'s Objs. to Gov't's Proposed Exs., at 4 (Nov. 30, 2022) (Dkt. No. 53) (hereinafter, "Def.'s Objs.").

2.  The defendant has informed the government that it objects to the government's

proposal because the proposal contains discussion about religious violence and conspiracy theories. The government submits, however, that the remaining statements are necessary and relevant to proving the key contested issue in this trial—the defendant's mental state in possessing the Hawk Innovative Tech devices (hereinafter, the "HIT Devices").

3. As reflected in Exhibits 3A and 3E, the defendant's confirmation that his solvent traps would come in handy in taking violent action proves that he knew the HIT Devices to be silencers. The nature of this evidence is unlike other aspects of the government's evidence that is relevant to proving his knowledge. The defendant's statements in Exhibits 3A and 3E indicate that he had a specific purpose in mind for the devices to serve as silencers. As the Court noted in its Order dated December 7, 2022, this evidence is "relevant to the defendant's knowledge and intent in purchasing and possessing the devices at issue, and any potential prejudice is outweighed by the highly probative nature of these exhibits." Order 2 (Dec. 7, 2022) (Dkt. No. 83).

4. The surrounding context to the defendant's confirmation is necessary to prove that his statements reflected his genuine intent. If deprived of the full picture of this conversation, the jury could be misled into believing that the defendant's statements about using violence were idle talk that did not genuinely reflect his intent. When read in full, the defendant's comments demonstrate that his thinking was quite advanced, even to the point that he was discussing potential means for carrying out the action by using kidnappings. The portion in which the defendant discusses kidnapping victims is an especially probative fact because kidnapping is the type of clandestine action that could particularly benefit from the use of a silencer. The surrounding context in the exhibits, moreover, reflect that the defendant needed little prompting from the FBI undercover employee (UCE) to discuss this violent action at

length. The jury needs to hear the full discussion of the defendant's plan for violent action to properly weigh how much significance to ascribe to his comments.

5. The defendant has already demonstrated that he intends to downplay the significance of his statements and suggest that the UCE unduly prompted them. *See* Def.'s Objs. 5 ("The exhibits show, at most, that Mr. Speed held certain anti-Semitic beliefs and, when prompted by an undercover FBI agent, discussed hypothetical and potentially violent situations informed by such beliefs. It is, perhaps, possible to draw the inference from this that Mr. Speed imagined acting on such beliefs in real life under certain circumstances."). While the defendant is free to pursue that argument, he cannot then sanitize his statements on this topic in a way that would deprive the jury of the relevant context by which to weigh the evidence. The jury—and the government—will be at a severe disadvantage if this conversation is whitewashed even further. The defendant's proposal is so redacted that it diminishes the significance of the conversation and makes it look like idle chatter.

6. The defendant's comments about adopting the approach of jihadists to target the opposition illustrates the point. In objecting to the exhibit, the defendant argued that, after answering the UCE's question about using his solvent traps in furtherance of the act of violence, the defendant "changed the subject without further elaborating." Def.'s Objs. 6. But Exhibit A shows that is not true. As reflected in Exhibit A, the defendant proceeded to elaborate on his violent thinking without prompting from the UCE. If that discussion is redacted, the jury would be misled as to the nature and direction of the conversation, and would be deprived of critical information necessary to weigh the evidence.

7. Because the defendant's statements are highly probative of a hotly contested element, the defendant cannot establish that the prejudicial effect of his statements outweigh

(much less *substantially* outweigh) the probative value of his statements.

* * * * *

For the foregoing reasons, the government requests that the Court allow it to introduce the recording and transcript reflected in Exhibit A, with the highlighted portions redacted.

Respectfully submitted,

Jessica D. Aber
United States Attorney

       /s/
Thomas W. Traxler
Amanda Lowe
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Email: Thomas.traxler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of December, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/
Thomas W. Traxler
Assistant United States Attorney