IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-cr-00165-MSN |
| ) | Hon. Michael S. Nachmanoff |
| HATCHET M. SPEED, ) | Trial Date: January 17, 2023 |
| *Defendant.* ) | |

**DEFENDANT'S MOTION TO EXCLUDE INADMISSIBLE
EXPERT TESTIMONY APPLYING FEDERAL LAW TO FACTS AND
INADMISSIBLE TESTIMONY ABOUT INTENT**

COMES NOW the defendant, Hatchet M. Speed, by and through counsel Courtney S. Dixon and Brooke S. Rupert, and requests that the Court prohibit the government's expert witness, Eve Eisenbise, from testifying that:

1. The Federal Definition of a "Silencer" Is Satisfied By the Hawk Innovative Tech devices possessed by Mr. Speed, and describing the devices as "firearm silencers;"
2. Testifying As to the Purpose of Possessing the Devices at issue.

Such testimony is wholly inadmissible.

**ARGUMENT**

**I. Expert Testimony that the Devices Possessed by Mr. Speed Satisfy the Federal Legal Definition of a "Silencer" is Not Admissible.**

At the trial in this case, the government's expert testified that her job was to "return a technical report as to how th[e] firearms [at issue in the case] classify under federal law," (Tr. Day 2, at 13), and that the devices possessed by Mr. Speed constituted "silencers" based on the federal standard. (Tr. Day 2, at 23, 82). While expert testimony as to the physical characteristics of the items at issue is admissible, expert testimony that the devices "classify under federal law" as "silencers" is not

admissible, and the Court should prohibit the government from adducing such testimony at the retrial.

It is black-letter law that "[e]xpert testimony as to the proper interpretation of applicable domestic law is inadmissible." *Teague v. Bakker*, 35 F.3d 978, 993 n.21 (4th Cir. 1994) (*citing Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 366–67 (4th Cir. 1986) ("[I]t is the responsibility—and the duty—of the court to state to the jury the meaning and applicability of appropriate law, leaving to the jury the task of determining the facts which may or may not bring the challenged conduct within the scope of the court's instruction as to the law."). Accordingly, "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). Indeed, "[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." *Marx & Co. v. Diners' Club Inc.*, 550 F.2d 505, 509–10 (2d Cir. 1977). As such, expert testimony on matters of law that are entrusted to the Court to construe and, to the extent necessary, instruct the jury, is thus inadmissible under Rule 403. *See Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("[s]uch differing opinions as to what the law is would only confuse the jury).

Expert testimony that a device satisfies the federal legal definition of a "silencer" constitutes inadmissible "opinion testimony that states a legal conclusion." *See United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). Specifically, such testimony represents the expert's application of "a legal standard" — the expert's purported understanding of federal law — and then "draws a legal conclusion by

2

applying law to the facts," in the form of expert testimony that the devices possessed by Mr. Speed meet that legal standard. Such expert testimony is flatly inadmissible. *McIver*, 470 F.3d at 561-62; 4 Weinstein's Federal Evidence § 702.03[3] (2021) (experts prohibited from testifying about law that will be applied to facts, and from drawing legal conclusions).

Of course, not all expert testimony implicating a legal standard is inadmissible. For example, expert medical testimony about cause of death is generally admissible in cases where cause of death is relevant. *See, e.g.*, *United States v. Campbell*, 963 F.3d 309, 314 (4th Cir. 2020). But that is because "cause of death" has no "specialized legal meaning." *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) ("The best way to determine whether opinion testimony contains legal conclusions, 'is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular.'") (citation omitted).

By contrast, "[t]he word 'firearm' is used as a term of art in the [National Firearms Act]." *United States v. Thompson/Ctr. Arms Co.*, 504 U.S. 505, 507 (1992) (plurality). Indeed, the government maintains in this case that devices that cannot function in their present form to diminish the report of a portable firearm nonetheless constitute "silencers" for purposes of federal law. Expert testimony that the devices at issue satisfy the "separate, distinct and specialized" meaning of "firearm"—which includes "silencers" as defined by 18 U.S.C. § 921(a)(24)—is inadmissible because it "tracks the language of the legal principle at issue or of the applicable statute." *Barile*,

286 F.3d at 760; *accord Torres v. Cnty. of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985) (holding "exclusion [was] appropriate" for testimony that employer did not "discriminate" against plaintiff in Title VII case).[1]

In sum, expert testimony regarding the physical condition and capabilities of the items at issue are admissible and potentially helpful to a jury. But the expert's understanding of federal law and conclusions arising from the application of federal law to the facts of this case are not helpful, and fall well outside the bounds of admissible expert testimony in this case. For similar reasons, the government's expert should be prohibited from describing the devices at issue as "firearm silencers." Whether the devices at issue satisfy the federal definition of a "silencer" is a question for the jury, and an expert's characterization of the items as "silencers" is both prejudicial and "not helpful to the trier of fact under Rule 702." *See Kopf v. Skyrm*, 993 F.2d 374, 377–78 (4th Cir. 1993).

## II. Testimony That No Legitimate Purpose Exists to Possess the Items At Issue Violates Federal Rule of Evidence 704(b).

Expert testimony that describes a defendant's "purpose" and "intention" violates Federal Rule of Evidence 704(b), which prohibits experts in criminal cases from stating an opinion "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.

---

[1] Regardless of the ATF's authority in civil cases to classify devices as regulated firearms under federal law, no deference to agency interpretations of federal law is warranted here because "criminal laws are for courts, not for the Government, to construe." *Abramski v. United States*, 573 U.S. 169, 191 (2014). The Executive Branch has no authority to decide how the federal criminal law measuring the defendant's guilt or innocence is defined.

Those matters are for the trier of fact alone." Fed. R. Evid. 704(b). Expert testimony regarding the defendant's "subjective intent in pursuing a particular activity," or "that a defendant had an actual thought or intent," is thus prohibited. *United States v. Barber*, 80 F.3d 964, 970 (4th Cir. 1996) (emphasis in orig.). The rule also precludes the government from adducing "testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea." *United States v. Bennett*, 161 F.3d 171, 182 (3d Cir. 1998) (citation omitted).

At the previous trial, the government's expert testified as follows in response to questioning by the government: "Q: Now, switching gears just a bit, in your opinion, did these devices have any other legitimate purpose other than serving as a silencer? A. No, sir." (Tr. Day 2, at 45). It necessarily follows from this testimony that, according to the expert, Mr. Speed had no legitimate purpose or intent for possessing the devices at issue other than for use as silencers. The expert's testimony about the possessor's lack of "any other legitimate purpose" thus violates Fed. R. Evid. 704(b) and should be excluded.

## CONCLUSION

For the foregoing reasons, the Court should preclude the government from adducing inadmissible testimony regarding the expert's application of federal law to the devices at issue, calling the devices "firearm silencers," and testifying about the purpose for possessing such devices.

Respectfully Submitted,

**HATCHET SPEED**
by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia


by: /s/_____
Courtney Dixon
*Pro hac vice*
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
courtney_dixon@fd.org

Brooke Rupert
VA Bar No. 79729
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
brooke_rupert@fd.org