IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:22-CR-165 |
| | ) | |
| v. | ) | Hon. Michael S. Nachmanoff |
| | ) | |
| HATCHET M. SPEED, | ) | Trial: January 17, 2023 |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
TESTIMONY AND EVIDENCE REGARDING VIENNA ARSENAL**

The defendant, Hatchet Speed, has been indicted on three counts of possession of a silencer not registered to him in the National Firearms Registration and Transfer Record ("NFRTR"), in violation of the National Firearms Act ("NFA"), 26 U.S.C. § 5861(d). Speed was originally tried for these offenses on December 12, 2022. ECF No. 87. On December 16, 2022, the Court declared a mistrial after the jury repeatedly indicated that it was deadlocked and unable to reach a verdict. ECF No. 93. Speed's retrial is scheduled to begin on January 17, 2023. *Id*. In advance of the retrial, the United States moves to preclude the defendant from introducing evidence concerning Vienna Arsenal's sale of "solvent traps" made by a different manufacturer.

**BACKGROUND**

In a meeting in April 2022, Speed and the FBI undercover employee, Al, discussed the use of solvent traps to make silencers. Al asked if a solvent trap could shoot more than one round and stay quiet. Speed responded that he had "to test and see . . . but yeah, uh, they stay quiet." When Al asked where he could buy one, Speed responded that Vienna Arsenal had them or he could get them online. Speed stated that he purchased his solvent traps online before realizing that Vienna Arsenal sold them. Speed could not remember the name of the site where he bought his solvent

traps, but he said that they seemed to be good quality. Speed indicated that if the AI went to Vienna Arsenal or any place that sells solvent traps, the retailers there would know the purpose of the solvent trap and that Al would not have to "say . . . what it's for." Speed stated that "you can just point to them and just ask them to explain it to you." According to Speed, the retailer will explain, "'If you do this and this' and then you have to have a form on there." Speed noted, "Of course, they're . . . giving you the . . . legal version, which they have to do."

Speed stated that he had not used his solvent traps as silencers yet. Speed repeated that a "Form 1" must be submitted before drilling the hole in order to make the silencer legally. Speed, however, stated, "[T]hat would be the legal way of doing it, you know. If you forget to fill out Form 1, nobody ever finds you on the form." When Al asked about the drill bit size to use, Speed noted that "you buy [the solvent trap] sized for a particular caliber . . . but then . . . your drill bit has to be the right size." Speed explained, "I haven't figured that detail out. I just figure when I want to figure that detail out, it will be easier to figure out the drill bits and whatnot. If that's all I have to figure out then everything is," and then was interrupted.

On December 30, 2022, a Special Agent from the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") and the Federal Bureau of Investigation ("FBI") case agent in this matter, Special Agent Mariam Hanna, visited Vienna Arsenal. There, the Special Agents saw several items in a display case that appeared to be silencers. A Vienna Arsenal employee told the Special Agents—who had not identified themselves as law enforcement officers—that, among other things, Vienna Arsenal did not sell silencers but instead sold "solvent traps" manufactured by JK Armament; that "solvent traps" were used to capture cleaning fluid when cleaning a firearm; that while the solvent traps were not silencers, they could be converted into very effective silencers with some machining to drill holes in the baffles; that the JK Armament "solvent traps" were made

2

of aluminum; and that an ATF Form 1 needed to be submitted and approved before converting the device to a silencer. The employee also noted that Vienna Arsenal does not have a license to sell silencers, but expected to receive that license in January or February 2023. The employee took a JK Armament "solvent trap" out of the display case, partially disassembled it, and showed the Special Agents that the baffles within the device did not have any holes in them. The United States has produced the report reflecting this information to the defendant.[1]

In advance of trial, the United States moves for the Court to preclude the defense from eliciting testimony, including from Special Agent Hanna, or admitting evidence regarding solvent traps sold at Vienna Arsenal. Such testimony and evidence is inadmissible at trial because (1) it is inadmissible hearsay; (2) it is irrelevant to the fact-specific case at hand; (3) even if marginally relevant, its probative value would be substantially outweighed by a risk of unfair prejudice, confusing the issues, and misleading the jury; (4) it would support an improper mistake-of-law defense; and (5) it would constitute an improper appeal to jury nullification.

## ARGUMENT

Testimony and evidence regarding the information that the Special Agents learned at Vienna Arsenal on December 30, 2022, is inadmissible for several reasons.

First, to the extent the defense sought to cross examine Special Agent Hanna on the information, such testimony would be inadmissible hearsay. *See* Fed. R. Evid. 801(c). With the exception of the observable physical characteristics of the JK Armament devices—which the Special Agents observed to resemble silencers—the information regarding what the devices were (i.e., "solvent traps"), how they could be used (i.e., to clean firearms and as silencers), and what needed to be done to use the devices as silencers (i.e., drilling holes and filing an ATF Form 1), is

---

[1] If the Court wishes to review the report, the United States will provide a copy to chambers.

all based on what the Vienna Arsenal employee told the Special Agents. No exception to the hearsay rule applies. *See* Fed. R. Evid. 803, 804.

Second, evidence regarding the JK Armament devices sold at Vienna Arsenal is irrelevant in the instant case. *See* Fed. R. Evid. 401. The offenses in this case concern the defendant's purchase of three devices from a different company, Hawk Innovative Tech. *See* Indictment, ECF No. 1. Evidence regarding the JK Armament devices sold at Vienna Arsenal has no "tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." *Id*. Indeed, the physical characteristics of the devices emphasize the irrelevance of any comparison: while the Hawk Innovative Tech devices have baffles containing holes already sized to specific calibers of firearms, the JK Armament devices had solid baffles with no holds drilled in them. The characteristics of the JK Armament devices, or information from Vienna Arsenal employees describing such characteristics, are irrelevant to proving whether the Hawk Innovative Tech devices—the possession of which the defendant has been charged—are silencers. Because this evidence is irrelevant, it is inadmissible. *See* Fed. R. Evid. 402.

Third, even if the evidence had some marginal relevance, its probative value would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time." Fed. R. Evid. 403. Whether a device is a silencer is a design-specific (and, for a combination of parts, intent-specific) inquiry. Due to the differences between the JK Armament and Hawk Innovative Tech devices, the evidence would present a substantial risk of confusing or misleading the jury. And, as described further below, the evidence would be unfairly prejudicial insofar as it would encourage jury nullification.

Fourth, testimony or evidence regarding the Vienna Arsenal employee's statement that an ATF Form 1 needed to be submitted and approved before converting the JK Armament devices

4

into silencers would support a mistake-of-law defense that the Court has already determined is improper. *See* Order on Objections and Motions in Limine, ECF No. 83. At the threshold, there is no evidence that anyone at Vienna Arsenal communicated this to the defendant. But also, as the United States explained in its prior Motion in Limine, ECF No. 37, at 9–17, it is irrelevant whether the defendant thought the devices did not become a "silencer" and subject to the NFA's registration requirements until the holes in the front end-caps of the Hawk Innovative Tech devices were completed. The defendant does not need to have knowledge of the law to violate 26 U.S.C. § 5861(a), and his ignorance or mistake of law is no excuse. *See United States v. Cox*, 906 F.3d 1170, 1190 (10th Cir. 2018); *United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021); *United States v. Dodson*, 519 F. App'x 344, 350-51 (6th Cir. 2013).

Finally, testimony or evidence that Vienna Arsenal sells devices that seem to be similar to the Hawk Innovative Tech devices would support an improper appeal for jury nullification. As the United States has explained elsewhere, *see* Gov't Motion in Limine to Preclude Improper Closing Argument, ECF No. 103, at 10, such an argument does not go to the elements of the offense (i.e., it is not indicative of the design of or intent for the devices, or the defendant's knowledge of the characteristics of the devices). Instead, the argument—and any evidence to support such an argument—is an improper appeal for the jury to decide the case on the grounds that other people are doing the same thing as the defendant. Evidence supporting an improper appeal for jury nullification, such as evidence of JK Armament devices sold at Vienna Arsenal, should therefore be excluded under Rule 403.

**CONCLUSION**

For the foregoing reasons, the Court should preclude the defendant from eliciting testimony or otherwise introducing evidence regarding "solvent traps" sold at Vienna Arsenal.

Respectfully submitted,

Jessica D. Aber
United States Attorney

_____/s/_____
Thomas W. Traxler
Amanda Lowe
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3700
Facsimile (703) 299-3980
Email: thomas.traxler@usdoj.gov
       amanda.lowe@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of January, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically serve all counsel of record.

                                                                /s/
                                                   Amanda Lowe
                                                   Assistant United States Attorney