IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:22-cr-165 |
| v. ) | Hon. Michael S. Nachmanoff |
| ) | |
| HATCHET M. SPEED, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSE TO MOTION TO
PRECLUDE IMPROPER CLOSING ARGUMENT (ECF NO. 103)**

Comes now the defendant, Hatchet M. Speed, by counsel Brooke S. Rupert and Courtney Dixon, and responds to the government's Motion to Preclude Improper Closing Argument (ECF No. 103). At bottom, the government's motion should be denied as premature. Moreover, the government's motion misstates the law and misrepresents many of defense counsel's arguments. While counsel agrees with the government that arguments to the jury must adhere to the legal rulings and instructions issued by the Court, and remain bound by reasonable inferences from the facts as admitted at the trial, the Court must permit defense counsel to zealously advocate on behalf of Mr. Speed as required by the Sixth Amendment. *See, e.g.*, *United States v. Webb*, 965 F.3d 262, 267 (4th Cir. 2020) ("[G]reat latitude is accorded counsel in presenting closing arguments to a jury") (citation omitted); *Howell v. Clarke*, 2022 WL 1811186, at *10 (E.D. Va. June 1, 2022) ("In closing argument

counsel may argue reasonable inferences that may be drawn from the evidence that has been admitted into the record.").

**I. The Government's Motion is Premature.**

The bulk of the government's Motion raises fact-intensive and choice-of-word-intensive objections on which the Court should not rule at this time. It is too late to rule on these objections with respect to the trial that has already occurred, and premature to rule on them in a trial that has not yet occurred. The same issues are unlikely to recur in a retrial, or if they do, they may arise in a different factual or legal context that would bear on any potential ruling. Absent a specific objection to a specific argument—including an underlying factual record and the exact language to which an objection is raised—it is impossible to provide meaningful advisory rulings at this stage regarding arguments that are not before the Court. For that reason, the Court should deny the government's motion.

**II. The Court Should Permit the Parties to Make Arguments To the Jury Regarding the Reasonable Doubt Standard Drawn From Caselaw.**

Counsel understands Fourth Circuit precedent regarding arguments defining reasonable doubt. To be clear, however, the law is not as clear-cut as the government would have it. As the jury instructions given at trial demonstrate, the Fourth Circuit does not prohibit *all* commentary on what reasonable doubt means. For example, this Court clarified that "reasonable doubt" is something less than proof "beyond all possible doubt." *See* Trial Trans., Dec. 13, 2022 at 112 ("It is not required that the

government prove guilt beyond all possible doubt. The test is one of reasonable doubt.")

Moreover, the Fourth Circuit has approved of instructions characterizing the government's burden as "strict" and "heavy." *United States v. Reives*, 15 F.3d 42, 43 (4th Cir. 1994). And the Supreme Court has made clear that a reasonable doubt includes, "at a minimum, [a doubt] based upon 'reason,'" such that a jury may not convict unless it unanimously possesses "a subjective state of near certitude of the guilt of the accused." *Jackson v. Virginia*, 443 U.S. 307, 315, 317 (1979).

The government appears to take issue with even the simple proposition that "reasonable doubt" means a doubt based on a reason, claiming that it was improper for the defense to argue that a "reason to doubt" is sufficient reason to acquit because defense counsel did not clarify that it had to be a "reasonable reason." ECF No. 103 at 9. The government, of course, is free to argue that any doubts identified by the defense are unreasonable, but it should not be permitted to preclude the defense from identifying "reasons to doubt," and from arguing that those reasons to doubt justify an acquittal.[1]

---

[1] The government notes that counsel also compared the reasonable-doubt standard to the lesser standard for civil cases, see ECF No. 103 at 8, but it is unclear if the government is challenging the propriety of that argument. *See United States v. Williams*, 20 F.3d 125, 132 (5th Cir. 1994) (noting that "contrast[ing]" a lesser standard "and the beyond a reasonable doubt standard" "is a useful way to frame the issue for the jury."). Counsel is unaware of any authority precluding such argument, and the government cited none. Moreover, this argument is routinely accepted by judges in this courthouse in defense closing arguments. And for good reason: such argument does not seek to define reasonable doubt, but merely compares it to another standard, just as the jury instruction did with respect to a hypothetical "beyond all

### III. Defense Counsel's Closing Argument Was Based on Reasonable Inferences from the Evidence, Did Not Advocate Jury Nullification, and Did Not Improperly Ask the Jury to Put Themselves in the Place of the Defendant.

The government claims that the defense raised facts not in evidence by asserting that the solvent trap "probably would have exploded" had the weapon been fired with the unmodified solvent trap attached. *See* ECF No. 103 at 4. The government's objection is misplaced. "In closing argument to the jury the lawyer may argue all reasonable inferences from the evidence in the record." *United States v. Young*, 470 U.S. 1, 10 n.7 (1985) (quoting ABA Standard for Criminal Justice 4-7.8). And this particular statement constituted a reasonable inference based on the evidence at trial.

The government's firearm expert testified at the trial that if a person fired a gun with an attached solvent trap that did not have an exit hole, "it could damage the device," and the "round would either possibly go through it or it would possibly dent and land and be retained inside the device." *See* Trial Trans., Dec. 13, 2022 at 51. It is a reasonable inference based on that response that shooting a bullet inside a metal tube that has no exit hole could result in an explosion, at the very least of the metal tube. Indeed, the definition of a firearm (18 U.S.C. § 921(a)(3)) requires the bullet to be expelled by "the action of an explosive," and the term "explode," according to common dictionary definitions, connotes a thing "bursting violently as a result of pressure from within" or "breaking up into pieces violently"—which

---

possible doubt" standard. This comparison has been affirmed by the Fourth Circuit as appropriate. *See United States v. Adkins*, 937 F.2d 947, 950 (4th Cir. 1991).

reasonably describes a bullet bursting through a solid metal device as a result of the action of an explosive.

Moreover, defense counsel made clear that she was making an inference that could be drawn from the evidence rather than quoting the words of the witness. *See id.* (noting that the expert did not directly answer the question and that the "explode" comment was counsel's own conclusion from the evidence that was adduced). In sum, counsel's argument constituted a reasonable inference based on the evidence, and the government's claim that counsel "argued facts not in evidence" is flatly incorrect. If the government had raised an objection on that ground at the time, it should have been denied.

The government likewise complained about defense counsel's argument based on the seizure of solvent traps in their original packaging, in which counsel stated to the jury that Mr. Speed "probably opened them up, looked at them, and [decided] [t]his is going to take too much, and he put them back, and nothing ever happened." Gov't Mot. at 5. According to the government, this argument "improperly asserted facts" that were not in the record. *Id.*

But what if the solvent traps were found on a work bench next to a drill press and instructions for how to modify the devices to make them into functioning silencers by drilling a hole into them? The prosecution's likely argument about Mr. Speed's intent based on those circumstances would constitute a reasonable inference from the facts, just like defense counsel's argument in this case.

As the above examples demonstrate, the government's nit-picky arguments about individual passages in defendant's prior closing require a fact-specific inquiry, based on the exact language used in the prior trial and the exact evidence adduced in that trial—none of which is likely to be exactly replicated in a retrial. Accordingly, it would be a poor use of judicial resources to rule on those objections now, in the absence of a specific pending objection to a specific argument.

The government's arguments regarding supposed appeals to jury nullification and "arguments that improperly sought to put the jury in the defendant's shoes," Gov't Mot. at 1, are similarly specious. The Sixth Amendment guarantees the ability of defense counsel "to act independently of the Government and to oppose it in adversary litigation." *Ferri v. Ackerman*, 444 U.S. 193, 204 (1979). Challenging the actions of the ATF or other law enforcement agents, and making reasonable inferences based on the evidence presented, are legitimate and commonplace elements of our adversarial system.

In sum, the Court should deny the government's motion as premature.

Respectfully submitted on January 6, 2023.

        **HATCHET SPEED**
        By counsel:

        Geremy C. Kamens
        Federal Public Defender for the
        Eastern District of Virginia


        by: /s/_____
        Courtney Dixon
        *Pro hac vice*

DC Bar No. 1766415
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
courtney_dixon@fd.org

Brooke Rupert
VA Bar No. 79729
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
brooke_rupert@fd.org