IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:22-CR-165 |
| v. | ) | |
| | ) | The Honorable Michael S. Nachmanoff |
| HATCHET M. SPEED, | ) | |
| | ) | Trial: January 17, 2023 |
| Defendant. | ) | |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States, by and through its attorneys, respectfully submits the following jury

instructions, consistent with the Court's rulings on January 9, 2023, and instruction on January 17,

2023.

Dated: January 17, 2023                                     Respectfully submitted,

                                                            Jessica D. Aber
                                                            United States Attorney

                                            By:    ___/s/_____
                                                            Thomas W. Traxler
                                                            Amanda Lowe
                                                            Assistant United States Attorneys
                                                            United States Attorney's Office
                                                            2100 Jamieson Avenue
                                                            Alexandria, VA 22314
                                                            Telephone (703) 299-3700
                                                            Facsimile (703) 299-3980
                                                            thomas.traxler@usdoj.gov
                                                            amanda.lowe@usdoj.gov

# TABLE OF CONTENTS

| No. | Instruction | Page |
|---|---|---|
| 1. | Admonitions at Court Recess | 4 |
| 2. | Objections and Rulings | 5 |
| 3. | Court's Comments to Counsel | 6 |
| 4. | Court's Questions to Witnesses | 7 |
| 5. | Court's Comments on Certain Evidence | 8 |
| 6. | Evidence Admitted for a Limited Purpose Only | 9 |
| 7. | Introduction to the Final Charge – Province of the Court and of the Jury | 10-11 |
| 8. | Judging the Evidence | 12 |
| 9. | Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted | 13-14 |
| 10. | Direct and Circumstantial Evidence | 15 |
| 11. | Inferences from the Evidence | 16 |
| 12. | Inference of Regularity | 17 |
| 13. | Jury's Recollection Controls | 18 |
| 14. | The Question Is Not Evidence | 19 |
| 15. | Consider Only the Offense Charged | 20 |
| 16. | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | 21 |
| 17. | Verdict as to Defendant Only | 22 |
| 18. | Consider Each Count Separately | 23 |
| 19. | Opinion Evidence – The Expert Witness | 24 |
| 20. | Charts and Summaries | 25 |
| 21. | Statement or Conduct of a Defendant – Single Defendant on Trial | 26 |
| 22. | Tape Recordings and Typewritten Transcripts | 27 |
| 23. | Number of Witnesses Called is Not Controlling | 28 |
| 24. | Credibility of Witnesses – Generally | 29-30 |
| 25. | Credibility of Witnesses – Law Enforcement Witness | 31 |
| 26. | Credibility of Witnesses – Inconsistent Statement (if appropriate) | 32 |
| 27. | Credibility of Witnesses – The Defendant as a Witness (if appropriate) | 33 |

28.  Effect of the Defendant's Decision Not to Testify ....................................................34

29.  The Nature of the Offense Charged ..........................................................................35

30.  The Indictment Is Not Evidence ...............................................................................36

31.  "On or About" – Explained ......................................................................................37

32.  The Statute Defining the Offense Charged ..............................................................38

33.  The Essential Elements of the Offense Charged......................................................39

34.  Definition of a Silencer ............................................................................................40

35.  The Definition of "Silencer" Has Two Alternative Tests .........................................41

36.  A Silencer Need Not Be Operable ...........................................................................42

37.  "Knowingly" – Defined ...........................................................................................43

38.  "Possession" – Defined ...........................................................................................44

39.  Proof of Knowledge or Intent ..................................................................................45

40.  Proof of Knowledge or Intent – Rule 404(b) Evidence ...........................................46

41.  Motive – Explained ..................................................................................................47

42.  Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment

     Form of Verdict – Communication with the Court ...............................................48-50

INSTRUCTION NO. 1

Admonitions at Court Recess

During this recess and all other recesses, you must not discuss this case with anyone. This includes your family, other jurors, and anyone involved in the trial. If anyone attempts in any way to talk to you about this trial during a recess, it is your obligation to tell me immediately.

Do not watch or listen to any news reports concerning this trial on television or on radio and do not read any news accounts of this trial in a newspaper or on the internet.

Do not speak at all with any of the parties, the witnesses or the attorneys.

You are required to keep an open mind until you have heard all of the evidence in this case, the closing arguments of counsel, and the final instructions of law provided by the Court.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 11:02 (6th ed.).

INSTRUCTION NO. 2

<u>Objections and Rulings</u>

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 11:03 (6th ed.).)

INSTRUCTION NO. 3

<u>Court's Comments to Counsel</u>

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 11:04 (6th ed.).)

INSTRUCTION NO. 4

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness.  Do not

assume that I hold any opinion on the matters to which my questions may relate.  The Court may

ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 11:05 (6th ed.).)

INSTRUCTION NO. 5

Court's Comments on Certain Evidence

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 11:06 (6th ed.).)

INSTRUCTION NO. 6

Evidence Admitted for a Limited Purpose Only

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned.

(Adapted from 1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 11:09 (6th ed.) (removing references to multiple parties).)

INSTRUCTION NO. 7

<u>Introduction to the Final Charge – Province of the Court and of the Jury</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel will quite properly refer to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation

of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:01 (6th ed.).)

INSTRUCTION NO. 8

Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:02 (6th ed.).)

## INSTRUCTION NO. 9

Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

[*The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.*]

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the

witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

(Adapted from 1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:03 (6th ed.) (removed portion of instruction addressing depositions).)

INSTRUCTION NO. 10

Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:04 (6th ed.).)

INSTRUCTION NO. 11

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:05 (6th ed.).)

INSTRUCTION NO. 12

<u>Inference of Regularity</u>

In the absence of evidence in the case to the contrary, you may infer, but are not compelled to infer, that official duty has been regularly and properly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

When evidence has been received in the case concerning any of these questions, you should be guided by the evidence and the application of your common sense.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:06 (6th ed.).)

INSTRUCTION NO. 13

<u>Jury's Recollection Controls</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:07 (6th ed.).)

INSTRUCTION NO. 14

<u>The Question Is Not Evidence</u>

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:08 (6th ed.).)

INSTRUCTION NO. 15

Consider Only the Offense Charged

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:09 (6th ed.).)

INSTRUCTION NO. 16

Presumption of Innocence, Burden of Proof, and Reasonable Doubt

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

(Adapted from 1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:10 (6th ed.) (modified to remove definition of "reasonable doubt"); *United States v. Oriakhi*, 57 F.3d 1290, 1300-01 (4th Cir. 1995) (recognizing that district court should not attempt to define the term "reasonable doubt" in a jury instruction absent a specific request for such a definition from the jury).)

INSTRUCTION NO. 17

<u>Verdict as to Defendant Only</u>

You are here to determine whether the government has proven the guilt of the defendant for the charges in the indictment beyond a reasonable doubt.  You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty.  But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendant not guilty.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:11 (6th ed.).)

INSTRUCTION NO. 18

<u>Consider Each Count Separately</u>

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find *the* defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 12:12 (6th ed.).)

INSTRUCTION NO. 19

## Opinion Evidence – The Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence *[including that of other "expert witnesses"]*, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 14:01 (6th ed.).)

INSTRUCTION NO. 20

Charts and Summaries

Charts or summaries have been prepared by the government and shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, and other documents which are in evidence in the case.  If you find that these charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard the charts or summaries.

In other words, such charts or summaries are used as a matter of convenience for you and to the extent that you find they are not, in truth, summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.

(Adapted from 1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 14:02 (6th ed.) (removing statement that "[s]uch charts or summaries are not evidence in this trial or proof of any fact"); *United States v. Simmons*, 11 F.4th 239, 262 & n.12 (4th Cir. 2021) (recognizing that "summary charts may be admitted into evidence under Rule 611(a)" but that "district courts should give a limiting instruction for charts admitted under Rule 611 in order to ensure that the jury does not 'rely[]' on that chart as 'independent evidence,' but instead focuses its deliberations on 'the evidence upon which that chart is based'" (quoting *United States v. Johnson*, 54 F.3d 1150, 1159 (4th Cir. 1995))).

## INSTRUCTION NO. 21

### Statement or Conduct of a Defendant – Single Defendant on Trial

Evidence relating to any alleged statement *or* admission alleged to have been made by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. All such alleged statements or admissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement or admission was made knowingly and voluntarily.

In determining whether any alleged statement *or* admission alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and *his* treatment while in custody or under interrogation as shown by all of the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement or admission.

If after considering the evidence you determine that a statement *or* admission was made knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

(Adapted from 1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 14:03 (6th ed.) (removing language about a "confession" that is made or an "act or omission" that is done after a crime has been committed.)

INSTRUCTION NO. 22

Tape Recordings and Typewritten Transcripts

Tape recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these tape recorded conversations have been furnished to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves, however, are evidence in the case and the typewritten transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 14:09 (6th ed.).)

INSTRUCTION NO. 23

## Number of Witnesses Called Is Not Controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 14:16 (6th ed.).)

INSTRUCTION NO. 24

Credibility of Witnesses – Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

*[The testimony of a defendant should be judged in the same manner as the testimony of any other witness.]*

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 15:01 (6th ed.).)

INSTRUCTION NO. 25

Witness Credibility – Law Enforcement Witness

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

(L. Sand, et al., *Modern Federal Jury Instruction*, § 7.01, Instruction 7-16 (2013).)

INSTRUCTION NO. 26

Credibility of Witnesses – Inconsistent Statement (if appropriate)

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 15:06 (6th ed.).)

INSTRUCTION NO. 27

Credibility of Witnesses – The Defendant as a Witness (if appropriate)

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness in this case.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 15:12 (6th ed.).)

INSTRUCTION NO. 28

Effect of the Defendant's Decision Not to Testify

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 15:14 (6th ed.).)

INSTRUCTION NO. 29

The Nature of the Offense Charged

Counts One to Three of the indictment charge that on or about the 22nd day of June, 2022, in Alexandria, Virginia, within the Eastern District of Virginia, the defendant knowingly possessed a firearm, to wit: a silencer (as defined in section 921 of Title 18 of the United States Code), which was not registered to him in the National Firearms Registration and Transfer Record.

The defendant has entered a plea of "not guilty" and has denied that he is guilty of the offenses charged in Counts One to Three of the indictment.

(Adapted from 1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 13:01 (6th ed.); 2A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 39:22 (6th ed.).)

INSTRUCTION NO. 30

The Indictment Is Not Evidence

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 13:04 (6th ed.).)

INSTRUCTION NO. 31

<u>"On or About" – Explained</u>

The indictment charges that the offenses alleged in Counts One to Three were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in Counts One to Three of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 13:05 (6th ed.).)

INSTRUCTION NO. 32

The Statute Defining the Offense Charged

Section 5841(a) of Title 26 of the United States Code provides, in part, that: "The Secretary shall maintain a central registry of all firearms in the United States which are not in the possession or under the control of the United States. This registry shall be known as the National Firearms Registration and Transfer Record. The registry shall include-- (1) identification of the firearm; (2) date of registration; and (3) identification and address of person entitled to possession of the firearm."

Section 5841(b) of Title 26 of the United States Code further provides, in part, that: "Each manufacturer, importer, and maker shall register each firearm he manufactures, imports, or makes. Each firearm transferred shall be registered to the transferee by the transferor."

Section 5861(d) of Title 26 of the United States Code provides that: "It shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."

Section 5845(a) of Title 26 of the United States Code provides, in part, that: "For purposes of this chapter . . . [t]he term 'firearm' means . . . any silencer (as defined in section 921 of Title 18, United States Code)."

(Adapted from 1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 13:02 (6th ed.); 2A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 39:23 (6th ed.); 26 U.S.C. §§ 5841(a)-(b), 5845(a) 5861(d).)

INSTRUCTION NO. 33

The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crime of possession of an unregistered firearm as charged in Counts One to Three of the indictment, the government must prove the following four essential elements beyond a reasonable doubt:

*One:* The defendant knowingly possessed the firearm described in the indictment;

*Two:* The firearm was a silencer as defined in section 921 of Title 18, United States Code;

*Three:* The defendant knew of the characteristics of the firearm as described in the indictment, that is, the defendant knew the firearm had the characteristics of a silencer as defined in section 921 of Title 18 of the United States Code;

*Four*: The firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

(Adapted from 1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 13:03 (6th ed.); 2A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 39:24 (6th ed.); 26 U.S.C. § 5861(d); *Staples v. United States*, 511 U.S. 600, 619 (1994); *United States v. Wilson*, 979 F.3d 889, 903-04 (11th Cir. 2020); *United States v. Jamison*, 635 F.3d 962, 967-68 (7th Cir. 2011), *cited with approval in United States v. Garrett*, 645 F. App'x 256, 258 (4th Cir. 2016); *United States v. Springer*, 609 F.3d 885, 888 (6th Cir. 2010).)

INSTRUCTION NO. 34

Definition of a Silencer

Section 921 of Title 18 of the United States Code provides that "[t]he terms 'firearm silencer' and 'firearm muffler' mean any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler …."

(18 U.S.C. § 921(a)(25).)

INSTRUCTION NO. 35

<u>The Definition of "Silencer" Has Two Alternative Tests</u>

Section 921 of Title 18 of the United States Code sets forth two separate, alternative tests for defining the terms "firearm silencer" and "firearm muffler."  In order to prove that a firearm was a silencer as defined in section 921 of Title 18, United States Code, the government must prove beyond a reasonable doubt that the defendant knowingly possessed *one* of the following:

*One*, a "device for silencing, muffling, or diminishing the report of a portable firearm"; or

*Two*, a "combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer of firearm muffler."

(18 U.S.C. § 921(a)(25); *United States v. Crooker*, 608 F.3d 94, 97 (1st Cir. 2010).)

INSTRUCTION NO. 36

A Silencer Need Not Be Operable

The first test in section 921 of Title 18 of the United States Code defines a "firearm silencer" to include any "device for silencing, muffling, or diminishing the report of a portable firearm."

Under this test, a device does not need to be operable to constitute a silencer, as long as the purpose of the device is to silence, muffle, or diminish the report of a portable firearm.

In determining whether the purpose of a device is to silence, muffle, or diminish the report of a portable firearm, you should focus on the objective design features of the device.

(*United States v. Coffell*, 720 F. App'x 521, 528 (11th Cir. 2017); *United States v. Crooker*, 608 F.3d 94, 99 (1st Cir. 2010); *United States v. Carter*, 465 F.3d 658, 666-67 (6th Cir. 2006).)

INSTRUCTION NO. 37

"Knowingly" – Defined

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

The government is not required to prove that the defendant knew that his acts or omissions were unlawful, or that the defendant had knowledge of the statute at issue or its specific prohibitions.

(Adapted from 1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 17:04 (6th ed.); *Rogers v. United States*, 522 U.S. 252, 254-55 (1998) (plurality opinion) ("It is not . . . necessary to prove that the defendant knew that his possession was unlawful, or that the firearm was unregistered."); *United States v. Wilson*, 979 F.3d 889, 904 (11th Cir. 2020) ("The government also need not prove that the defendant knew his possession of the weapon was unlawful or that he knew 'what features define a 'firearm' under 26 U.S.C. § 5845(a).'" (quoting *United States v. Ruiz*, 253 F.3d 634, 638 n.4 (11th Cir. 2001))); *United States v. Jamison*, 635 F.3d 962, 968 (7th Cir. 2011) ("[A] conviction requires proving that [the defendant] knew of the *characteristics* that subjected the firearm to the registration requirement . . . not that he knew the firearm must actually be registered because of 26 U.S.C. §§ 5861(d) and 5845(a)—i.e., not that he had knowledge of the statute at issue or its specific prohibitions.").)

INSTRUCTION NO. 38

<u>"Possession" – Defined</u>

The word "possess" means to own or to exert control over.  The law recognizes two kinds of "possession"—actual possession and constructive possession.  A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it.  A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The law recognizes also that "possession" may be sole or joint.  If one person alone has actual or constructive possession of a thing, then possession is sole.  If two or more persons share actual or constructive possession of a thing, then possession is joint.

You may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 16:05 (6th ed.).)

INSTRUCTION NO. 39

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 17:07 (6th ed.).)

INSTRUCTION NO. 40

Proof of Knowledge or Intent—Rule 404(b) Evidence

Evidence that an act was done by the defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act, including the offenses charged in Counts One through Three of this indictment.

Evidence of a similar act may not be considered by the jury in determining whether the defendant actually performed the physical acts charged in this indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that the defendant physically did the act charged in Counts One through Three of this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that the defendant did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which the defendant actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts not alleged in the indictment.

(Adapted from 1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 17:08 (6th ed.) (removing references to other crimes or offenses committed by the defendant).)

INSTRUCTION NO. 41

<u>Motive – Explained</u>

Motive is not an element of the offense with which the defendant is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that the defendant is guilty and proof of good motive alone does not establish that the defendant is not guilty. Evidence of the defendant's motive may, however, help you find the defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 17:06 (6th ed.).)

INSTRUCTION NO. 42

Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment

Form of Verdict – Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your

verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdicts have been prepared for your convenience and reads as follows:

*[The verdict or a summary can be read to the jury]*

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts on the form, date and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

(1A Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 20:01 (6th ed.).)